IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CURTIS MARROW HOWELL,** | § | |
| **#47887-177,** | § | |
| Movant, | § | |
| | § | |
| v. | § | CIVIL NO. 3:18-CV-199-K |
| | § | (CRIMINAL NO. 3:14-CR-70-K-1) |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Curtis Marrow Howell ("Howell") filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 2). As detailed herein, the motion to vacate sentence is **DENIED** with prejudice.

### I.   BACKGROUND

On October 21, 2014, Howell pled guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Crim. Docs. 23, 40. He submitted a factual resume in connection with his guilty plea. Crim. Doc. 20. He was sentenced to 100 months' imprisonment and a two-year term of supervised release. Crim Doc. 40. The judgment was affirmed on September 22, 2016, and the Supreme Court denied Howell's petition for a writ of certiorari on February 21, 2017. *See United States v. Howell*, 838 F.3d 489 (5th Cir. 2016); *Howell v. United States*, 137 S. Ct. 1108 (Feb. 21, 2017).

Howell timely filed this Section 2255 motion on January 25, 2018, claiming counsel rendered ineffective assistance during the guilty plea and sentencing

proceedings. Doc. 2. He also challenges the voluntariness of his guilty plea based on the alleged ineffective assistance of counsel. *Id.* The Government filed a response in opposition to Howell's motion on March 28, 2018. Doc. 6. Howell did not file a reply. On September 14, 2020, Howell was released from the custody of the Bureau of Prisons ("BOP"). *See* https://www.bop.gov/inmateloc/ (last visited March 5, 2021).

## II.   SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

Although Howell was released from BOP custody while his motion was pending, the "in custody" determination under Section 2255 is made at the time the habeas motion is filed. *See Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000). Howell's term of supervised release also satisfies the "in custody" requirement under Section 2255, despite his release. *See id.*

### III.     INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI.  It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective.  *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."  *Id.* at 691.  To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on "whether counsel's deficient

performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

A.     **Sentencing Exposure**

Howell claims his counsel provided ineffective assistance "in failing to adequately advise Mr. Howell of his sentencing exposure and the consequences of his plea." Doc. 3 at 8. Specifically, he claims he pled guilty because his counsel "misle[ ]d him to believe that his base offense level for sentencing would be 20, which calls for a guideline adjustment 37-46 [m]onths for exchange for his plea of guilty." *Id.* at 6; *see also id.* at 4, 8; doc. 2 at 13.

"'When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012)).

> Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland*. When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court. By grossly underestimating [the defendant's] sentencing exposure . . . , [counsel] breache[s] his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable.

*United States v. Grammas*, 376 F.3d 433, 436-37 (5th Cir. 2004) (citations and internal quotation marks omitted).  A significant miscalculation between counsel's erroneous sentence estimate and the actual sentencing range can constitute deficient performance.  *See id.* at 437 (finding deficient performance where counsel advised client on sentencing range based on misunderstanding of the guidelines, when he actually faced a range at least 5 times higher); *United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005) (concluding that a representation by counsel underestimating a client's sentencing exposure by 27 months would constitute deficient performance).

Assuming for purposes of this motion only that, as Howell alleges, counsel rendered deficient performance by telling him that his base offense level would be 20 and his sentencing guideline range would be 37-46 months' imprisonment if he pled guilty, deficient performance alone is insufficient to establish relief under § 2255. *Strickland* also requires a showing of resulting prejudice.  Absent proof of a promise or assurance of a specific sentence, a movant cannot establish prejudice under Section 2255 based on counsel's underestimation of his sentencing exposure when the record shows that the defendant was informed by the Court or in plea documents about his maximum sentencing exposure. *See United States v. Mackay*, Nos. 3:97CR0208T(01), 3:04-CV-0413-D, 2007 WL 700895, at *26-27 (N.D. Tex. Mar. 6, 2007) (citing *United States v. Ritter*, 93 F. App'x 402, 404-05 (3d Cir. 2004)); *Gray v. United States*, Nos. EP-18-CV-93-PRM, EP-13-CR-1832-PRM-4, 2019 WL 3306012, at *4 (W.D. Tex. July 23, 2019) (finding no prejudice for counsel's alleged underestimation of sentencing

exposure where "the Court ensured that Movant understood his maximum possible sentence").

Here, Howell was advised both through his signed factual resume and by the Court in person that by pleading guilty, he was subjecting himself to a statutory maximum period of imprisonment of ten years. Crim. Doc. 20 at 2; Crim. Doc. 47 at 13. He swore in open court that no specific prediction or promise had been made to him about what his sentence would be, that he was not pressured, threatened, forced, or coerced into pleading guilty, that he understood he should not depend or rely on any statement or promise, even from counsel, about what his sentence might be, and that he understood the Court alone would determine his sentence and could impose a sentence more severe than he might expect. Crim. Doc. 47 at 7, 10-13. Howell further swore that he understood that a presentence investigation report ("PSR") would be prepared by the United States Probation Office prior to sentencing, that the PSR could exclude facts from Howell's factual resume and include facts not in his factual resume, and that he might not be permitted to withdraw his guilty plea in those circumstances. *Id.* at 7-8.

Therefore, regardless of what his counsel told him about his sentencing exposure, Howell cannot show prejudice under *Strickland* because his factual resume and responses under oath to the Court's questioning show that he was clearly informed about and understood his sentencing exposure when he pled guilty. He is therefore not entitled to Section 2255 relief on this claim.

Additionally, the Court notes that the Fifth Circuit has recognized a limited circumstance in which a movant may seek habeas relief on the basis that his attorney made alleged promises to him, even though inconsistent with representations he made in court when entering his plea.  A movant is entitled to an evidentiary hearing if he presents evidence of: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *Cervantes,* 132 F.3d at 1110 (citing *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir.1989)).  A movant must produce independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties.  *Id.*  However, when the movant's "showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in light of other evidence in the record," the Court may dispense with his allegations without an evidentiary hearing. *Id.*  Here, Howell has not provided evidence of specifically where and when counsel made any promise that allegedly caused him to plead guilty, or identified any eyewitness to the promise.  Nor has he provided any independent indicia of the merit of any alleged promise.  Accordingly, to the extent Howell argues that counsel promised he would receive a specific sentence, he has not demonstrated he is entitled to an evidentiary hearing, or to relief on this basis under Section 2255.

B.     **Failure to Investigate**

Howell alleges that counsel "failed to investigate my case to determine who first had the gun and how I came about getting the gun and present it to the Court at

sentencing." Doc. 2 at 13; *see* Doc. 3 at 4. He also alleges that counsel failed to investigate Howell's lack of knowledge "that the firearm is capable of accepting a large capacity magazine and that the serial number had been altered or obliterated. . . ." Doc. 3 at 4. The Court liberally construes these allegations as a separate ground for relief based on an alleged failure-to-investigate.

Counsel has a duty to investigate the charges and evidence against his client. *Strickland*, 466 U.S. at 690-91. "[C]ounsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." *Id.* at 690. However, to prevail on a claim of ineffective assistance of counsel based on an alleged failure to investigate, a movant "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). "[T]here is no presumption of prejudice based on the failure to investigate." *Gonzalez v. United States*, Nos. 5:19-CV-145, 5:15-CR-1112-01, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990)).

Here, Howell's counsel presented testimony at the sentencing hearing from Howell's father relating to the circumstances that led to Howell's possession of the firearm. Crim. Doc. 46 at 12-16. Howell also exercised his opportunity to address the Court about his offense, during which he described the circumstances leading to his arrest. *Id.* at 18-19. Howell has not explained what investigation his counsel could have conducted or what evidence any such investigation would have revealed that was

not already presented to the Court, much less alleged with specificity how the evidence would have changed the outcome of his case. As such, he has not shown that his counsel's performance was deficient.

Regarding Howell's sentence enhancements, the PSR applied Section 2K2.1(a)(3) of the sentencing guidelines, which states that the base offense level is 22 if "the offense involved a [ ] semiautomatic firearm that is capable of accepting a large capacity magazine." U.S.S.G. § 2K2.1(a)(3); *see* Crim. Doc. 32-1 at ¶ 18. This provision does not require Howell's knowledge of the firearm's capacity capabilities. *See United States v. Fry*, 51 F.3d 543, 456 ("[T]he language of section 2K2.1(a)(3) makes no reference to the defendant's mental state. The section is plain on its face and should not . . . be read to imply a scienter requirement."). Likewise, the commentary to the sentencing guidelines provides that the enhancement levels for a firearm with an obliterated serial number apply "regardless of whether the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number." U.S.S.G. § 2K2.1, comm. 8(B); *see* Crim. Doc. 32-1 at ¶ 19. Howell has failed to explain how any investigation his counsel could have conducted or evidence he could have presented regarding Howell's knowledge of the firearm's capabilities and condition would have benefitted him. Therefore, he cannot show that his counsel's performance was deficient.

Even if Howell had shown deficient performance by counsel in the investigation of his case, he has not established prejudice as a result. Regardless of his counsel's

investigation, Howell was informed through both his factual resume and his plea colloquy with the Court about his maximum sentence exposure if he pled guilty, as discussed above. He confirmed his understanding of this exposure in both circumstances and proceeded to plea guilty. Howell has therefore failed to satisfy both *Strickland* prongs and is not entitled to Section 2255 relief on this ground.

## IV. INVOLUNTARINESS OF GUILTY PLEA

Howell claims that, because of his counsel's "unprofessional legal advice, coe[r]cion and faulty promises," his guilty plea was rendered "involuntary or unintelligently entered." Doc. 3 at 4.

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334

(1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 367 n.22 (5th Cir. 2000). "Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the

admonishments required under Rule 11 provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749).  Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28.  A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002).  "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Accepting for purposes of this motion only that counsel misrepresented or miscalculated Howell's sentencing exposure, such a miscalculation or erroneous estimate of sentencing range does not necessarily render a guilty plea involuntary. *See Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002) ("a guilty plea is not rendered involuntary because the defendant's misunderstanding [of the sentence] was based on defense counsel's inaccurate *prediction* that a lesser sentence would be imposed.")

(emphasis in original), *overruled on other grounds by Glover v. United States*, 531 U.S. 198 (2001); *Johnson v. Massey*, 516 F.2d 1001, 1002 (5th Cir. 1975) (holding that an attorney's "good faith but erroneous prediction of a sentence . . . does not render the guilty plea involuntary.").

As discussed, Howell's factual resume, the Court's questioning under each of the subjects in Federal Rule of Criminal Procedure 11 at Howell's rearraignment hearing, and his responses under oath demonstrate that he knew at the time he pled guilty that he was subject to a maximum sentence of ten years' imprisonment, there were no promises or predictions made to him about the length of the sentence he would receive, he was not pressured, threatened, forced, or coerced to plead guilty, and the sentencing guidelines were merely advisory and the Court alone would assess his sentence. Crim. Doc. 47 at 7, 10-13. With this knowledge, Howell still persisted with his guilty plea. *Id.* at 14.

"That movant 'neither refused to enter his plea nor voiced any objection when confronted with this information precludes him from arguing that he pled guilty in reliance upon some alternative characterization of his exposure given to him by his counsel.'" *Lopez v. United States*, Nos. 3:06-CV-2342-N, 3:04-CR-0043-N (01), 2008 WL 3381759, at *6 (N.D. Tex. Aug. 5, 2008) (quoting *United States v. Bjorkman*, 270 F.3d 482, 503 (7th Cir. 2001)). Movants who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). They must also

overcome the presumption of regularity and "great weight" accorded court records.  *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that official records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity.").

Howell has failed to overcome the presumption of verity given to his sworn statements in open court, and the presumption of according great evidentiary weight to court records.  *See Blackledge*, 431 U.S. at 73-74.  Howell's signed factual resume and his sworn statements in open court, including his testimony about the maximum sentence of imprisonment to which he was exposed, the absence of any threat, coercion, promise, or guarantee about his sentence, and the exclusive role of the Court in determining his sentence, contradict his claim that his plea was involuntary because he expected to have a base offense level of 20 and be sentenced to 37-46 months based on his counsel's alleged misrepresentations or miscalculations.  Howell has not shown that his guilty plea was involuntary or that he was unaware of the consequences of his guilty plea.  Nor has he shown a reasonable probability that he would not have pled guilty and instead would have insisted on proceeding to trial in the absence of the alleged deficiencies of counsel.  Accordingly, he is not entitled to relief on this claim.

## V.    EVIDENTIARY HEARING

To the extent Howell requests an evidentiary hearing, his request is denied because contemporaneous record evidence conclusively shows that he has failed to

demonstrate the existence of a factual dispute that creates a genuine issue under *Strickland* for the reasons discussed above.  *See* 28 U.S.C. § 2255(b).

## VI.  CONCLUSION

Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 2) is **DENIED** with prejudice.

SO ORDERED.

Signed March 16th, 2021.

_____
ED KINKEADE
UNITED STATE DISTRICT JUDGE